UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA WANG, et al., | No. 2:23-cv-01460 CKD |
| Plaintiffs, | ORDER |
| v. | |
| UR JADDOU, et al., | |
| Defendants. | |

Plaintiffs commenced this action on July 20, 2023. (ECF No. 1.) The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. (ECF No. 10.) On October 2, 2023, defendants filed a motion to dismiss, noticing the motion for a December 6, 2023 hearing before the undersigned. (ECF No. 9.) Under the court's Local Rules, plaintiff was obligated to respond to defendants' motion no later than fourteen (14) days after the motion was filed; failure to do so "may be construed by the Court as a non-opposition to the motion." E.D. Cal. Local Rule 230(c). A review of the docket reveals plaintiffs failed to do so by the deadline. See ECF No. 11 (defendants' request that the court construe plaintiffs' failure to oppose the motion as a non-opposition).

"Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. A district court may

impose sanctions, including involuntary dismissal of a plaintiff's case under Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[1]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

 Plaintiffs' failure to respond to the pending motion is in violation of Local Rule 230(c). Moreover, defendants aver in their motion that plaintiffs' claims are subject to dismissal under Fed. R. Civ. P. 12(b)(1) because defendants' voluntary actions have rendered plaintiffs' claims moot.  (ECF No. 9.)  However, the court provides one final opportunity for plaintiffs to oppose the pending motion or to file a statement of non-opposition thereto.  Any further failure to respond to the motion will be construed as non-opposition and will constitute additional grounds for dismissal under Rule 41(b).

 Finally, Local Rule 230(c) states "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party[.]" Accordingly, the hearing on the motion is vacated.

////

---

[1]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished).

Accordingly, IT IS HEREBY ORDERED that:

1. The December 6, 2023 hearing on defendants' motion (ECF No. 9) is VACATED;

2. Plaintiffs shall file a written opposition or a statement of non-opposition to the motion to dismiss on or before December 11, 2023. Failure to do so will be deemed a statement of non-opposition and consent to the granting of the motion; and

3. Defendants may file a reply to plaintiffs' opposition within one week of plaintiff's filing. The court will take this matter under submission after this date.

Dated: November 28, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/wang1460.ord.failtofileopp